UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

THOMAS J FRANKLIN #309155          CIVIL ACTION NO. 22-cv-5407

VERSUS                              JUDGE S. MAURICE HICKS, JR.

DUSTY WILLIAMS                      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Thomas J. Franklin ("Plaintiff") is a self-represented inmate housed at the Claiborne Parish Detention Center. He filed this civil rights action against Warden Dusty Williams based on an allegation that, when he was transferred to the detention center, staff searched his property and seized all paper, including his Wiccan bible and supplemental Wiccan religious materials. Plaintiff alleged that he repeatedly asked the "administration" to give him his religious materials, replace the materials, or at least photocopy them. He alleges that the only remedy they offered was a Christian New Testament bible. He asks the court to compel the detention center "staff" to furnish him with his religious materials or copies of the same books.

Before the court is Warden Williams' Motion for Summary Judgment (Doc. 18). Williams attacks the individual-capacity claims based on her lack of personal involvement, and she urges that any official-capacity claims are defeated by the fact that she is not a policymaker with respect to the detention center's publications policy. Plaintiff has not

filed any opposition. For the reasons that follow, it is recommended that the motion be granted.

**Individual Capacity Claims**

Warden Williams testifies in an affidavit that she has been employed as the warden at the detention center since July 1, 2020, and she held that position on August 3, 2022 when Plaintiff arrived. Williams states that she "had no interaction" with Plaintiff on the day of his intake and "was not personally involved in any taking of any documents" from Plaintiff. She attaches to her affidavit the detention center's publisher's policy concerning inmate documents and books that was in effect at the relevant time.

The only defendant in this action is Warden Williams. She can be held liable under 42 U.S.C. § 1983 only for her own acts or omissions. The doctrine of respondeat superior does not apply to Section 1983 claims, so there can be no cause of action against the warden based on the conduct of her subordinates. Stewart v. Murphy, 174 F.3d 530, 536 (5th Cir. 1999). To state a cause of action under Section 1983, the plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).

Plaintiff makes no allegation that Warden Williams was personally involved in the decision to take his materials or the refusal to return them or provide alternatives. Warden Williams testifies that she had no such involvement, and her testimony is not challenged. She is, therefore, entitled to summary judgment with respect to all claims against her in her individual capacity. Schmidt v. Johnson, 75 Fed. Appx. 218 (5th Cir. 2003) (affirming

summary judgment for warden who was not personally involved in a mail room worker's decision to deny a prisoner Wiccan books).

**Official Capacity Claims**

Warden Williams also attacks the complaint to the extent it could be read to assert a claim against her in her official capacity. Official-capacity suits may be brought only against an official who acts as a policymaker, such that her decisions represent the official policy of the local government unit. Guillot on behalf of T.A.G. v. Russell, 59 F.4th 743, 750 (5th Cir. 2023). "In Louisiana, the sheriff is the final policymaker." Id. at 750-51 . Based on those principles, Guillot affirmed summary judgment for a Louisiana warden with respect to official capacity claims.

Warden Williams testifies in her affidavit that she did not participate in drafting or adopting the publications policy in place at the detention center, and she denies having any policymaking authority associated with the detention center or the sheriff's office. She is, therefore, entitled to summary judgment with respect to any official capacity claims against her.

Accordingly,

It is recommended that the Motion for Summary Judgment by Dusty Williams (Doc. 18) be granted and that all claims asserted in this civil action be dismissed with prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of September, 2023.

Mark L. Hornsby
U.S. Magistrate Judge